UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-14065-CR-CANNON/MAYNARD

UNITED STATES OF AMERICA

v.

DION KHAN,

Defendant.
_____/

FILED BY _____ D.C.

JAN 11 2023

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FT. PIERCE

## STIPULATION OF FACTS AND ACKNOWLEDGMENT OF OFFENSE ELEMENTS IN SUPPORT OF GUILTY PLEA

The United States of America, by and through the undersigned Assistant United States Attorney, and Dion Khan (hereinafter referred to as the "Defendant" or "Khan"), together with his counsel, admit that the United States can prove the allegations contained in Count One of the Indictment, which charges the Defendant with distribution of 5 grams or more of methamphetamine (actual), in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(viii), Count Two of the Indictment, which charges the Defendant with distribution of 50 grams or more of methamphetamine (actual), in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(viii), and Count Three of the Indictment, which charges the Defendant with distribution of 50 grams or more of methamphetamine (actual), in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(viii). The Defendant also stipulates that the following recitation of the facts shall constitute the underlying factual basis for his guilty plea. These facts are not all of the facts known to the United States in this case and are offered merely to provide a sufficient factual basis to support the Defendant's guilty plea.

1

### *Controlled Buy - August 15, 2022*

On August 15, 2022, an undercover Port Saint Lucie Police Department ("PLSPD") officer purchased approximately 28 grams of methamphetamine (actual) from Khan for $620.00 during a controlled buy that took place inside Khan's vehicle in the parking lot of the Residence Inn located at 1920 SW Fountainview Blvd in Port Saint Lucie, Saint Lucie County, Florida. The entire transaction, which lasted approximately 2 minutes, was recorded with both video and audio. Lab results confirmed that the substance related to this controlled buy tested positive for 27.39 grams of methamphetamine with a purity level of 93%.

### *Controlled Buy - August 23, 2022*

On August 23, 2022, the same undercover officer purchased approximately 84 grams of methamphetamine (actual) from Khan for $1,650.00 during a controlled buy that took place inside Khan's vehicle in the parking lot of the Publix located at 9335 SW Commerce Centre Drive in Port Saint Lucie. Khan was driving the same vehicle from the previous controlled buy. The entire transaction, which lasted approximately 1 minute, was recorded with both video and audio. Lab results confirmed that the substance related to this controlled buy tested positive for 84.4 grams of methamphetamine with a purity level of 93%.

### *Controlled Buy - September 7, 2022*

On September 7, 2022, the same undercover officer purchased approximately seven ounces of methamphetamine (actual) from Khan for $3,850.00 during a controlled buy that took place inside Khan's vehicle in the parking lot of the Residence Inn located at 1920 SW Fountainview Blvd in Port Saint Lucie. Khan was driving the same vehicle from the previous two controlled buys. The entire transaction, which lasted approximately 4 minutes, was recorded with both video

and audio.  Lab results confirmed that the substance related to this controlled buy tested positive for 195.2 grams of methamphetamine with a purity level of 93%.

### *Interview of the Defendant – September 21, 2022*

On September 21, 2022, DEA Special Agent Matschner and PSLPD Detective Griffith interviewed Khan at the Martin County Jail.  Prior to the interview, Detective Griffith advised Khan of his Miranda Rights and Khan agreed to speak with law enforcement.  In sum, Khan admitted he sold methamphetamine to the undercover officer during the three controlled buys charged in the Indictment.  Khan also identified his source of supply.  Khan advised that all of the methamphetamine he sold to the undercover officer came from the same source of supply.

The defendant is aware of and understands the nature of the charges to which he is pleading guilty and understands that had he proceeded to trial, the United States would have had to prove the following elements beyond a reasonable doubt:

**Count 1:**     Title 21, United States Code, Sections 841(a)(1), and 841(b)(1)(B)(viii):

  (1) The defendant knowingly and intentionally distributed methamphetamine, a Schedule II controlled substance;

  (2) The defendant knew he was distributing methamphetamine; and

  (3) The weight of the methamphetamine the defendant distributed was five (5) grams or more of methamphetamine (actual).

**Count 2:**     Title 21, United States Code, Sections 841(a)(1), and 841(b)(1)(A)(viii):

  (1) The defendant knowingly and intentionally distributed methamphetamine, a Schedule II controlled substance;

  (2) The defendant knew he was distributing methamphetamine; and

  (3) The weight of the methamphetamine the defendant distributed was fifty (50) grams or more of methamphetamine (actual).

**Count 3:**   Title 21, United States Code, Sections 841(a)(1), and 841(b)(1)(A)(viii):

    (1)   The defendant knowingly and intentionally distributed methamphetamine, a Schedule II controlled substance;

    (2)   The defendant knew he was distributing methamphetamine; and

    (3)   The weight of the methamphetamine the defendant distributed was fifty (50) grams or more of methamphetamine (actual).

The defendant and his attorney agree that the facts recited above meet these elements.

Respectfully submitted,

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

Date: 1/11/2023

BY: _____
MICHAEL D. PORTER
ASSISTANT UNITED STATES ATTORNEY

Date: Jan 11 2023

_____
DION KHANU
DEFENDANT

Date: 1/11/23

_____
KAFAHNI NKRUMAH
ATTORNEY FOR DEFENDANT